16 So.2d 877

## TEAGUE v. STATE.

### 6 Div. 166.

Supreme Court of Alabama.

March 2, 1944.

W. L. Longshore and Chas. B. Aycock, both of Birmingham, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

**LIVINGSTON, Justice.**

The appellant, Wade Teague, alias "Shorty" Teague, was indicted, tried and convicted in the Circuit Court of Jefferson County, Alabama, for the offense of murder in the first degree, and his punishment fixed at death.

The testimony is without dispute that the deceased, Hobert Eli Blevins, accompanied by a negro man, Albert Hudson, went to the house of appellant, located at 2126 Seventh Alley, North, Birmingham, Alabama, about eight:thirty or nine o'clock on the night of February 13, 1943. Early on the morning of February 14, 1943, Blevins was found unconscious in a vacant lot near by, and to the rear of the house occupied by appellant. He died in the afternoon of that day without regaining consciousness. The medical testimony was to the effect that death resulted from a blow on the head inflicted with some blunt instrument. When Blevins was found there was blood on the back of his head, blood on the ground near where he was found, and on his coat sleeve. One pants pocket was turned inside out: his inside coat pocket was torn and his pocketbook or wallet and an unopened pocketknife were on the ground near him. The pocketbook was open and empty.

One Queenie Gratton rented a room from appellant in the house occupied by him, and which room she shared with one Alonzo Bowyers, apparently without benefit of clergy. When deceased and Hudson arrived at the house of appellant on the night of the 13th, appellant, Queenie Gratton, Alonzo Bowyers and Robert Shepherd were there; others also came in and went out while deceased was there. Deceased bought several drinks of whisky from appellant, giving one to Hudson, one to Queenie Gratton, and drinking the others himself.

Deceased left the house of appellant sometime about eleven:thirty o'clock, and the manner of his departure, and the circumstances surrounding it, present the principal disputed questions of fact.

Witnesses for the State testified that as deceased was leaving the house, appellant, who was on the front porch, struck deceased a blow on the head with a claw hammer, and knocked him from the porch onto the ground: that shortly thereafter appellant helped deceased, ' or carried him, towards the vacant lot where he was later found. That appellant was gone only a few minutes and came back and went to bed: that about two o'clock appellant got out of bed, left the house for several minutes, then returned and went back to bed.

Defendant's testimony was to the effect that as deceased was leaving the house, Queenie Gratton pushed or shoved him through the door and off the front porch, and that deceased in falling from the porch struck his head against ·a telephone pole in the yard; that he, appellant, and Bowyers assisted deceased to the vacant lot; that deceased asked to be allowed to sit down, and that they left deceased sitting on the ground. Appellant denied that he struck deceased, and that he took any money from him.

Mrs. Harris, a sister of deceased, testified that she saw deceased on the afternoon of February 13, 1943; that he gave her $25, and put back in his bill fold about $15.

Mrs. Harris was the first witness for the State. After completing her testimony, both direct and cross, she was allowed, over the objections of appellant's counsel to remain in the court-room during the remainder of the trial. She was not recalled to the witness stand. The exclusion of all witnesses, except the one under examination, from the court-room during the trial is not a matter of right, but is one within the sound discretion of the trial judge. Ryan v. Couch, 66 Ala. 244; McGuff v. State, 88 Ala. 147, 7 So. 35, 16 Am.St.Rep. 25; McClellan v. State, 117 Ala. 140, 23 So. 653; New York Life Ins. Co. v. McLean, 218 Ala. 401, 118 So. 753. There was no abuse of discretion in permitting Mrs. Harris to remain in the court-room.

On the theory there was no evidence to support it, appellant reserved an exception to the court's oral charge on the question of a conspiracy; and, specifically, to the following part thereof, "every homicide committed in the perpetration of or attempt

to perpetrate any robbery is murder in the first degree."

In the case of Jones v. State, 174 Ala. 53, 57 So. 31, 32, this Court said:

" 'When by prearrangement, or on the spur of the moment, two or more persons enter upon a common enterprise or adventure, and a criminal offense is contemplated, then each is a conspirator, and if the purpose is carried out each is guilty of the offense committed, whether he did any overt act or not. This rests on the principle that one who is present, encouraging, aiding, abetting, or assisting * * * the active perpetrator in the commission of the offense is a guilty participant, and, in the eye of the law, is equally guilty with the one who does the act. Such community of purpose, or conspiracy, need not be proved by positive testimony. It rarely is so proved. The jury are to determine whether it exists, and the extent of it, from the conduct of the parties, and all the testimony in the case.' Morris v. State, 146 Ala. 66, 88, 41 So. 274, 280—collecting many authorities."

It would subserve no good purpose to set out the evidence. It is sufficient to say that from the whole evidence a conspiracy on the part of appellant and Queenie Gratton to rob the deceased may be inferred.

That part of the oral charge specifically excepted to is in the language of section 314, Title 14, Code of 1940, defining murder in the first degree, and appellant's exception thereto is without merit.

The clothing of deceased, as well as that of the accused, are usually held admissible on trials of homicides. If tending to elucidate the transaction, to identify any of the parties, to connect the accused with the crime, or to show the character of the wound, motive or intent of the killing, or degree of the crime, whether the killing was in self-defense or not, they are admissible. If such objects tend to corroborate or disprove, illustrate or elucidate any other evidence, they are admissible, though such evidence may have a tendency to bias or prejudice the jury, to elicit their sympathy for, or animosity toward either the deceased or the accused. Rollings v. State, 160 Ala. 823, 49 So. 329; Whitaker v. State, 106 Ala. 30, 17 So. 456; Curtis v. State, 118 Ala. 125, 24 So. 111; McCormack v. State, 102 Ala. 156, 161, 15 So. 438; Gassenheimer v. State, 52 Ala. 313; Campbell v. State, 23 Ala. 44.

The clothing of both the deceased and the accused, worn at the time of the commission of the crime, was clearly admissible under the foregoing authorities.

The Court has given careful consideration and examination to the evidence in this case, and the conclusion has been reached that this Court would not be justified in pronouncing the verdict palpably wrong and unjust. We are unwilling therefore to say that the action of the trial court in overruling appellant's motion for a new trial constituted error to reverse.

Duly mindful of our duty in cases of this character, the record has been examined for any error, whether pressed upon our attention by counsel or not. We find however that appellant's counsel have argued all questions calling for serious treatment.

We find no error in the record, and the cause is due to be, and is affirmed.

Affirmed.

GARDNER, C. J., and THOMAS, BOULDIN, BROWN, FOSTER, and STAKELY, JJ., concur.