96 So.2d 175

Paul M. BEDDOW

v.

STATE.

6 Div. 836.

Court of Appeals of Alabama.

Dec. 4, 1956.

Rehearing Denied Feb. 19, 1957.

John T. Batten and J. Edmund Odum, Birmingham, for appellant.

**30**

John Patterson, Atty. Gen., Robt. Straub and Edmon L. Rinehart, Asst. Attys. Gen., for the State.

CATES, Judge.

Paul M. Beddow was convicted of assault with intent to rob, sentenced to fifteen years imprisonment, and has appealed.

This is a companion case to that of Hunter v. State, Ala.App., 83 So.2d 737,[1]

and the facts stated in the Hunter case can be adopted herein with three exceptions, viz. first, the testimony of Hunter as set forth in 83 So.2d at page 738, supra, was not in Beddow's case, second, Beddow, having pleaded not guilty and not guilty by reason of insanity, brought in proof from which the jury might have found him not guilty on the latter plea, and, third, the testimony of Lt. Lance, 83 So.2d at page 742, was not given here.

■ Also there was certified to us a transcript of the hearing held on Beddow's motion for a change of venue, which was based on prejudice against him because of newspaper articles. Beddow was a Birmingham police officer at the time of the alleged offense and complained that the press was giving undue notice to his arrest. He further claimed he was being given too speedy a trial in the circumstances. His motion was overruled and an exception granted.

We have before us the testimony of six witnesses, exhibits, and a record statement by the court below. The exhibits consist of clippings from the Birmingham newspapers narrating the charges against, and arrest of the defendant and Hunter. We note the testimony that at that time (November 9, 1953) Jefferson County had a population of 500,000 or upwards, and the judge stated that there were over 40,000 men whose names were in the jury box. See 56 Am.Jur., Venue, Section 70, n. 11.

We find nothing in the clippings of an inflammatory character. The reports were in narrative form and purported to be interviews with the police officials. Newspaper articles, without more, are not evidence here; their effect must be shown. The testimony of the six witnesses did not meet the burden of persuasion. Moreover, the trial court, though denying the change of venue, passed the case for four weeks.

Altogether, considering the size of the jury box, the four-week continuance, and

1. 38 Ala.App. 351.

the defendant's right through putting the veniremen on the voir dire to challenge for cause anyone who admitted being biased, we, in accordance with second sentence of Section 267, Title 15, Code 1940, adjudge the motion for a change of venue was properly overruled. Patton v. State, 246 Ala. 639, 21 So.2d 844.

As to Beddow's confession, all that was said in Hunter case applies here.

■ Appellant assigns as error an exception to the court's oral charge. In instructing the jury the court referred to "malice" and "intent" as ingredients of the crime charged, then, mentioning the included lesser offenses of simple assault and assault and battery and attempt, said: "* * * but you don't need to be concerned about those three lesser offenses, gentlemen, you consider those, because they all carry the same punishment, so—I mean it wouldn't matter, as far as the defendant's situation is concerned, because they all carry exactly the same punishment."

The defendant's exception was stated to be to the portion, "You don't need to be too concerned about the lesser offenses, because they include the same punishment." Whereupon, the judge clarified that he meant that since the punishment for the lesser offenses was of an identical range (Title 14, Section 33 and Title 15, Section 327, Code 1940), as far as punishment was concerned, "it would amount to the same thing."

The court proceeded to assemble and read the written charges. Appellant's counsel then asked for a further charge that the jury might take the written charges with them into the jury room. No other exceptions to the oral charge appear. The jury is then shown to have retired.

We consider that the exception as to the lesser charge language (even had it been meritorious) was waived under the doctrine set forth in McFarling v. State, 35 Ala.App. 191, 45 So.2d 322. No other or further exceptions having been assigned to the oral charge, error cannot be specified for any of its defects or omissions. Montgomery v. State, 17 Ala.App. 469, 86 So. 132, certiorari denied 204 Ala. 389, 85 So. 785.

■ Objection was made to the solicitor's question, "Is that the pistol that he said the man had?" The objection was made after the witness had already answered and therefore was too late.

■ An assignment of error is grounded on the trial court's denial of a motion for a mistrial because a State witness, after testifying, returned to the witness room and engaged in conversation with other witnesses, telling them what he had testified to. The offending witness' testimony was unrelated to the testimony of those who followed him on the stand. Hence, since we see no harm done, we agree with the trial court that the motion was due to be denied.

■ The sequestration of witnesses under "The Rule", while rarely to be withheld upon request, is nevertheless discretionary with the trial court. And, where, for instance, a witness has remained in the courtroom in violation of the rule, the trial court's decision as to his testifying or not is not open to review. Wilson v. State, 52 Ala. 299; Teague v. State, 245 Ala. 339, 16 So.2d 877. Moreover, the efficacy of sequestration—which can only occur during the trial—is probably overrated. The law has moved from oath-taking to cross examination in its search for the truth.

■ Intent, as impaired by either intoxication or insanity, was a question for the jury. No question under the last sentence of Section 422, Title 15, Code 1940, is presented to us, since there is no exception or request which could have raised the applicability of James v. State, 167 Ala. 14, 52 So. 840.

■ Beddow challenged for cause two members of the venire because they were

policemen. This contention is answered by reason (c) assigned by Judge Simpson in Brackin v. State, 31 Ala.App. 228, 231, 14 So.2d 383, 385.

As to any prejudice because of the appellant's being accused as a "turncoat" policeman, voir dire examination was available as a sufficient device to ascertain and eliminate any potential jurymen who might have entertained an abiding bias against Beddow.

We have reviewed all of the defendant's refused charges and conclude they were properly refused either as being otherwise treated or as incorrect.

Consideration having been given agreeably with the mandate of Title 15, § 389, Code 1940, it is concluded that the judgment is due to be

Affirmed.