239 So.2d 904

**Ann G. SMITH**

**v.**

**STATE.**

**4 Div. 33.**

Court of Criminal Appeals of Alabama.

Oct. 6, 1970.

J. Earl Smith, Dothan, for appellant.

MacDonald Gallion, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

Ann G. Smith appeals from a conviction of grand larceny. She was sentenced to a term of seven years in the penitentiary.

The State's evidence tends to show that on the morning of July 8, 1968, Mrs. E. D.

Bryan, returning from an errand, met the defendant in front of her home in Dothan, Alabama. Mrs. Smith said her husband had been killed in the war; that she had three boys and was looking for a house. Shortly after they began to converse a man who identified himself as James Roberson came up to them with an envelope he said he had just found. Defendant opened the envelope and said it contained a large sum of money. The envelope had written on it something about the money having been dropped and something about Cuba.

They then went into Mrs. Bryan's house. Roberson said he had found this money and if it wasn't divided among the three of them it would be turned over to the State. Mrs. Bryan said she wanted no part of it, but Mrs. Smith said she needed the money for her boys. Roberson said he would first have to take the money to his lawyer and ask him what to do with it. Defendant gave Roberson some money described as insurance from her husband, to take to the lawyer to count along with the found money. When Roberson returned he said the lawyer told him the money he found, about $40,000, would have to be placed in a safety deposit box for thirty days before it could be divided; that each of them would have to put up money to show the lawyer they could get along without the found money for thirty days; that if Mrs. Bryan did not put up her part of the money it would keep defendant and Roberson from getting their share. The defendant went with Mrs. Bryan to her bank where Mrs. Bryan withdrew $8,650.00 from her savings account. When they returned to Mrs. Bryan's house the telephone rang and defendant answered it and told the party she had the money. In a few minutes Roberson returned, and she gave him the money. He and defendant left informing Mrs. Bryan they were taking the money to show the lawyer that Mrs. Bryan had put up her share and that they would bring the money back to her in fifteen minutes. They never returned. Mrs. Bryan had never seen the defendant nor the man before.

No evidence was introduced by defendant.

■ The evidence presented questions for the determination of the jury and was sufficient to sustain the judgment of conviction. Sullivan v. State, 43 Ala.App. 302, 189 So.2d 593. There was no error in the denial of the motion to exclude the State's evidence, in denying the affirmative charge nor in overruling the motion for a new trial.

Defendant filed motion for a change of venue. Evidence was taken on the motion. Various articles published in the Dothan Eagle, a newspaper published at Dothan, Alabama, concerning defendant were introduced and appear in the record. Appellant contends these articles were calculated to inflame the minds of the community and of prospective jurors so as to deprive her of a fair and impartial trial. Two witnesses, employees of the Dothan Eagle, were questioned as to the circulation of the newspaper and the photographing of defendant. The motion was denied.

After the court had qualified the venire, counsel for defendant asked if any venireman had read anything in the newspapers in regard to the defendant or any of the allegations against her. The record shows that several hands were raised. Counsel then asked if any of them had read anything in the paper which referred to defendant as a flim-flammer. No hands were raised. When asked if any of the accounts they had read would prejudice their verdict, no affirmative response was given.

Counsel then renewed his motion for a change of venue and for a continuance based on the fact that approximately thirty members of the venire had read accounts in the newspapers regarding defendant. The motions were denied.

The matter of granting a change of venue or of continuance is addressed to the sound discretion of the trial court.

Mathis v. State, 280 Ala. 16, 189 So.2d 564.

The defendant has the burden of showing "to the reasonable satisfaction of the court that an impartial trial and unbiased verdict cannot reasonably be expected." Campbell v. State, 257 Ala. 322, 58 So.2d 623.

"Publicity by the press, radio and television does not necessarily constitute ground for a change of venue." Mathis v. State, supra. No evidence, showing adverse effect of the published articles, was introduced in support of the motion. Beddow v. State, 39 Ala.App. 29, 96 So.2d 175. We are of opinion the court did not abuse its discretion in denying the motions.

Defendant moved to suppress the State's testimony regarding the in-court identification of Ann G. Smith, on the ground that pretrial photographic identification was so suggestive as to amount to a denial of due process.

The taxi driver who drove Mrs. Bryan and defendant to and from the bank, three employees of the bank, and Mrs. Bryan, who spent approximately two hours with defendant in the daytime, made positive in-court identification of defendant. Subsequent to the alleged offense these witnesses were shown photographs from which they identified defendant. The testimony is that they were not given any suggestion or assistance in selecting defendant's photograph from those exhibited to them.

The testimony clearly shows the photographic identification procedure was consistent with the standards established in Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1967).

We find no reversible error in the record. The judgment is affirmed.

Affirmed.