LEIGH M. CLARK, Retired Circuit Judge.
A jury found defendant guilty of murder in the first degree and fixed his punishment at life imprisonment. He was sentenced accordingly.
There is no contention that the evidence was not sufficient to support the verdict. Our review of the evidence convinces us that there is no reasonable basis for such contention. Even so, the tragedy is not to be considered without some ambivalence. For the victim, a boy of fifteen years of age, and his bereaved family there is tremendous natural sympathy; for the defendant, only a couple of years older than the victim and generally the victim’s friend, and his family there is also natural sympathy by reason of extraordinary circumstances that indicate that probably he was not a murderer at heart and that he is now sincerely remorseful.
In the trial court, defendant was represented by employed counsel. By reason of his indigency, the trial court appointed counsel to represent him on appeal, who strongly urges that the court committed reversible error in not granting defendant’s motion to exclude the evidence and in not declaring a mistrial at the conclusion of the State’s evidence after the State announced that it rested.
About 1:30 P.M., November 12, 1979, the jurors from whom the jury to try the case was to be selected were brought in the court room for that purpose. The court instructed and interrogated them fully as to their qualifications, and an attorney for each of the parties “questioned the Jury venire” without objection. A jury was then selected by the process of striking, and the selected jurors were duly sworn and seated in the jury box. Thereupon, the following occurred:
“THE COURT: Does either side invoke the rule?
“MR. FIELD: [District Attorney]: Yes, sir.
“THE COURT: All persons except the Defendant and one representative for the State who are going to testify in this case, please go into one of these two witness rooms right here across the little hall behind me and we will call you in one at a time as we may need you. Ladies and Gentlemen in the jury box. [At this time the court gave the jury some appropriate instructions and sent them to a jury room ‘upstairs.’] . .
“(Whereupon, a brief recess was had, after which the following occurred:)
“THE COURT: All right, bring the jury down.
“(Whereupon, the Jury was returned to the Jury box in the Courtroom after which the following occurred:)
*1247 “THE COURT: All, call your first witness.”
Six witnesses were called and testified on behalf of the State. At the conclusion of the testimony of the sixth witness, the court again appropriately instructed the jury as to their conduct and said, “All right, with that instruction, we are now in recess until nine o’clock in the morning.” As the court convened the following morning, the record shows:
“THE COURT: Don’t bring the Jury down yet.
“MR. FIELD: Your Honor, we rest. “THE COURT: Very well. You have a motion to make?
“MR. CLINTON: Yes, sir.
“THE COURT: All right, sir. Go ahead.”
At that time, or a short time before on the same day, defendant filed and submitted to the court a motion “to exclude the State’s evidence and dismiss charges against the Defendant.” It was alleged in substance in the motion that, during the presentation of the State’s case, a brother of the victim and one Kendrick Jones were in the balcony of the courtroom while witnesses for the State were testifying and relayed the progress of the testimony and the evidence to prospective witnesses for the State. The motion further alleged that defendant’s rights under “The Rule” were violated “by dissemination of evidence between witnesses.” There was a hearing on the motion out of the presence of the jury. Three witnesses were presented by defendant. The testimony of two of them tended to substantiate the averments of the motion. The third witness, Kendrick Jones, denied that there was any transmission of information by him or the brother of the victim to any witnesses in the case as to what preceding witnesses had testified.
It appears that the court never ruled on the motion to exclude the evidence. Whether this was an oversight or whether the court concluded that defendant was not insisting on his motion, we are not informed. The parties on appeal seem to be in agreement that if the court had ruled on the motion, it would have denied it. Assuming that the motion had been denied, it is clear that there was ample basis for such a denial. The court could have believed the testimony of Jones to the effect that the material allegations of the motion were not true. It is not within our province to disturb this finding of fact by the trial court.
We think it appropriate also to emphasize at this time the breadth of the discretion that is vested in the trial court as to questions arising in connection with whether there has been a violation of that which is often called the placing of witnesses “under the Rule,” that is, the exclusion of them from the courtroom so that they will not hear each other testify and ordering them not to talk with one another about the case, not to talk with anyone about it except the lawyers or the parties, and not to talk with them in the presence of other witnesses. On matters related to any violation of “the Rule,” we repeat:
“The sequestration of witnesses under ‘The Rule’, while rarely to be withheld upon request, is nevertheless discretionary with the trial court. And, where, for instance, a witness has remained in the courtroom in violation of the rule, the trial court’s decision as to his testifying or not is not open to review. Wilson v. State, 52 Ala. 299; Teague v. State, 245 Ala. 339, 16 So.2d 877. ...” Beddow v. State, 39 Ala.App. 29, 96 So.2d 175, 177, cert. denied, 266 Ala. 694, 96 So.2d 178 (1957), cert. denied, 355 U.S. 930, 78 S.Ct. 412, 2 L.Ed.2d 414.
Even if the trial court was of the opinion that there had been some substantial violation of the rule, our attention is called to no case or authority to the effect that it would have justified the granting of a motion “to exclude the State’s evidence and dismiss charges against the Defendant.” In this connection it is to be noted that the testimony of the first witness for the State, when considered with that of the second witness, a pathologist who performed the autopsy on the victim and said his death was caused by “a shotgun wound *1248 to the head,” was sufficient to support the verdict in the case. Even if the testimony of all the subsequent witnesses were excluded from the consideration of the jury, there remained an issue of fact for it to decide.
To appellant’s contention that the trial court should have declared a mistrial, there is the obvious answer that defendant did not request a mistrial and it would have been highly improper for the court to have granted one in the absence of a request or motion by defendant. To have done so in that circumstance would have opened the door to a claim by defendant that a new trial would constitute double jeopardy.
There is no error in the record prejudicial to defendant. The judgment of the trial court should be affirmed. The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby
AFFIRMED.
All the Judges concur.