Murder; sentence: life imprisonment.
Appellant does not raise the sufficiency of the evidence as an issue on appeal. It suffices to say that the State's evidence indicated appellant murdered his wife by stabbing her to death on or about January 9, 1981. Her body was found in an old well, buried under six feet of dirt, on January 21, 1981. The autopsy performed on the victim revealed she was stabbed nineteen times, with death resulting from a loss of blood caused by incised wounds of the neck.
 I
Appellant alleges that the trial court erred in denying his motion for a mistrial based upon the fact that a State's witness, prior to testifying, had viewed the testimony of another witness through the courtroom door. Because the appellant had invoked the sequestration rule, he argues that he was prejudiced by the witness' potential improper observation of exhibits and testimony which concerned the type and color of shoes worn by the victim shortly before her death. Both the witness in question and the prior witness testified concerning those matters.
Appellant did not learn of the violation of the rule by the witness until after she had testified. A hearing was then held by the court which revealed the following:
 "Q Mrs. Abbot, it was reported to us, something, which I have to ask you about. At some time yesterday while you were waiting outside in the hall to be called as a witness, were you standing at the door and looking through and watching the trial going on?
 "A I stood there once or twice, but I sat down most of the time.
 "Q Okay. I just asked you, at some times were you standing at the door looking in?
"A Yes.
 "Q Well, do you remember being at the door while Ms. Joyce Treece was testifying?
"A One time, yes, when she first got up there.
"MR. MASDON: I think that's sufficient, Judge. *Page 1379 
 "THE COURT: What was going on when you were watching Ms. Treece? What was going on up here at that time?
 "A They were just talking to her, and everybody was sitting down.
 "THE COURT: Did you see anything, any exhibits shown to her?
"A No.
 "Q (By Mr. Masdon.) How do you know it was at the first part of Ms. Treece's testimony or the last part? If you stood up for a few minutes and watched, how do you know —
 "A It was when she first walked in because I was standing out there.
 "Q About how long did you stand at the window and watch?
"A About a minute.
 "Q And are you saying you don't remember seeing any packages, exhibits?
"A No.
"Q That shoe, for example? That house shoe?
"A No." (R. 149-150)
It is within the trial court's discretion to permit or exclude the testimony of a witness who has been placed under the rule, but who has violated it. As well, the granting of a mistrial is within the trial court's discretion. We find no abuse of discretion under either regard in the ruling of the trial court on this issue. Boyd v. State, 51 Ala. App. 324, 285 So.2d 134,cert. denied, 291 Ala. 773, 285 So.2d 138 (1973); C. GambleMcElroy's Alabama Evidence § 286.01 (3d ed. 1977). No possible prejudice to appellant's cause, resulting from the violation of the rule, was demonstrated at the trial hearing below, or here on appeal. Page v. State, 57 Ala. App. 265, 327 So.2d 760 (1976);Goldsmith v. State, 344 So.2d 793 (Ala.Cr.App.), cert. denied,344 So.2d 799 (Ala. 1977).
We also note this court's prior dicta to the effect that where "a witness has remained in the courtroom in violation of the rule, the trial court's decision as to his testifying or not is not open to review." Beddow v. State, 39 Ala. App. 29,96 So.2d 175, 177 (1956), cert. denied, 266 Ala. 694, 96 So.2d 178 (1957),cert. denied, 355 U.S. 930, 78 S.Ct. 412, 2 L.Ed.2d 414 (1958);Averitte v. State, 384 So.2d 1245 (Ala.Cr.App. 1980). This rule has been cited with approval in our recent case of Young v.State, 416 So.2d 1109 (Ala.Cr.App. 1982).
 II
Appellant contends that evidence pertaining to photographs and samples of blood taken from his pickup truck, after the discovery of his wife's body, had "little or no probative value" and should have been excluded because of its inflammatory effect on the jury. He asserts that because the State was unable to actually prove that the blood found in the truck was of the same type as that of the victim, that an "inference upon an inference" was required to connect the blood to the murder.
The State's case was based on circumstantial evidence which indicated the appellant murdered his wife in his pickup truck on the night of January 9, 1981. State witnesses testified that the appellant picked up his wife in his truck on the night of January 9, 1981 at approximately 7:00 p.m. Appellant was wearing a blue denim jacket at the time. Around 10:00 p.m. that same night, a school bus passed a pickup truck in the road on Highway 41 which was identified by one passenger as being occupied by appellant. Other passengers recognized the truck as belonging to appellant. Various passengers testified they observed both a man and a woman, that the two people appeared to be bloody, and that the woman appeared to be unconscious. Police who arrived at this same scene later found what appeared to be a pool of blood and a shoe known to have been worn by the victim. A blue denim jacket was found at the scene of the well where the victim's body was found buried on January 21, 1981.
Additionally, appellant admitted having been in his truck with his wife on Highway 41 on the night of January 9, 1981. However in his statement, appellant said that they had a flat tire, after which his wife caught a ride in an unidentified vehicle with an unidentified driver. *Page 1380 
Where the State's case is based upon circumstantial evidence, testimony may permissibly take a wide range; any fact from which an inference may be drawn relating to the crime is competent evidence. Chambliss v. State, 373 So.2d 1185 (Ala.Cr.App.), cert.denied, 373 So.2d 1211 (1979). Breen v. State, 349 So.2d 113
(Ala.Cr.App. 1977). "Any fact which has a causal connection or a logical relation to another fact, so as to make the other fact either more or less probable, is competent or relevant." Stokesv. State, 373 So.2d 1211, 1215 (Ala.Cr.App.), cert. denied,373 So.2d 1218 (Ala. 1979).
Exhibits which are properly identified and which tend to prove the commission of the crime, the manner of its commission, or to elucidate a matter in issue, are relevant and admissible.Burlison v. State, 369 So.2d 844 (Ala.Cr.App.), cert. denied,369 So.2d 854 (1979).
While the blood samples standing alone may have been without probative force, when connected with the other facts and circumstances, related supra, they were material, competent, and admissible as tending to strengthen the inference of appellant's guilt. Thomas v. State, 11 Ala. App. 85, 65 So. 863 (1914).
While appellant's argument in brief also mentions references to hair, we are unable to find some in the transcript of the evidence.
 III
Appellant's final contention is that the trial court erred in allowing the prosecution to elicit evidence concerning a prior assault upon the victim by appellant, which occurred approximately six months prior to the murder. The testimony objected to concerned a witness' statement that, because she had seen evidence of abuse on the victim's person, she made the following inquiry of appellant:
 "A I asked him why he beat her up. Martha had told me that he had, and I asked him why he did. He held his boot up off the floor and said, `I didn't hit her. I stomped her with that,' and showed me his boot." (R. 75)
Appellant objected throughout this line of questioning, basing his objection on grounds of remoteness, relevancy, and the fact that the prosecution was proving "a prior specific incident of violence." Appellant argues the State was attempting to prove the appellant's evil character to establish a probability of guilt, without the appellant first having made his good character an issue.
The State may prove specific former acts of hostility by the accused against the victim for the purpose of showing malice and motive. Thigpen v. State, 50 Ala. App. 176, 277 So.2d 922 (1973). The acts and declarations of an accused, before or after the offense, are admissible against him for this purpose. White v.State, 380 So.2d 348 (Ala.Cr.App. 1980); Thigpen, supra.
The remoteness in time, alone, of a statement by the appellant which evidences hostility toward the deceased is a matter affecting the weight or probative value of the statement, and not its admissibility. Flurry v. State, 52 Ala. App. 64, 289 So.2d 632
(1973), cert. denied, 292 Ala. 720, 289 So.2d 644 (1974); White, supra.
The evidence of prior physical cruelty by the appellant towards his wife prior to her murder was properly admitted on the question of motive and intent, not prior evil character. The trial court did not abuse its discretion in finding that such evidence was not so remote in time as to render it inadmissible.Akers v. State, 399 So.2d 929 (Ala.Cr.App. 1981).
No error harmful to the substantial rights of appellant having been demonstrated, this case is affirmed.
AFFIRMED.
All the Judges concur. *Page 1381