MAIN, Judge,
dissenting.
I respectfully dissent from the majority’s decision to reverse the trial court’s denial of Larry Richard Chavers’s motion for a new trial. The trial court issued thorough findings of fact concerning the residency requirement of juror no. 216, and ultimately concluded that he was qualified to serve based on § 12-16-60(a)(10), Ala.Code 1975, stating as follows:
“[Bjased on the Alabama Case law, as this court understands it, and this Court’s findings of facts, the Court is reasonably satisfied that [juror no. 216] met and satisfied the residency requirement of Section 12 — 16—60(a)(1), and was therefore qualified to serve as a juror, in so far as said section is concerned. This Court finds accordingly.”
(S.R.42.) Moreover, the trial coui't found that no probable prejudice has been shown to have resulted from juror no. 216’s service and stated that “even if [juror no. 216] was disqualified under Section 12-16-60(a)(1) (and this Court has found that he was not), the Court finds that no probable prejudice has been established therefrom.” (S.R.45.)
“Assessing the credibility of evidence presented at a new trial hearing falls to the trial judge because he is in the best position to evaluate the new evidence in light of all that has gone before. Peterson v. State, [426 So.2d 494 (Ala.Crim.App.1982) ]; Zuck v. State, 57 Ala.App. 15, 325 So.2d 531, cert. denied, 295 Ala. 430, 325 So.2d 539 (1976). Moreover, *845 the decision of the trial court will not be disturbed unless an abuse of discretion can be shown. Ward v. State, 440 So.2d 1227 (Ala.Crim.App.1983); Peterson v. State, supra; Robinson v. State, 389 So.2d 144 (Ala.Crim.App.), cert. denied, 389 So.2d 151 (Ala.1980); McBryar v. State, 368 So.2d 568 (Ala.Crim.App.), cert. denied, 368 So.2d 575 (Ala.1979); Page v. State, 57 Ala.App. 265, 327 So.2d 760 (1976).”
Perry v. State, 455 So.2d 999, 1003-04 (Ala.Crim.App.1984). See also Pace v. State, 904 So.2d 331, 342 (Ala.Crim.App.2003).
I agree with the trial court’s conclusions and find no abuse of discretion by the trial court in denying Chavers’s motion for a new trial.
Here, the issue is whether juror no. 216 was a “resident” of Escambia County as that term is used in § 12-16-62, Ala.Code 1975. The exact requirements for “residency” as used in the context of jury service are not concrete, and the term has been defined by resorting to its common usage. It is clear that a person can establish more than one residence in many contexts, whereas a person has only one domicile. See Ex parte State ex rel. Altman, 237 Ala. 642, 188 So. 685, 687 (1939) (“Under our concept of ‘domicile,’ largely due to modern multiple residence situations, it was open to the trial judge to reach the conclusion that complainant was a legal resident of Alabama, and that her present sojourn in the State of Mississippi was temporary.”). See also United States v. Bervaldi, 226 F.3d 1256, 1263 (11th Cir. 2000) (in determining if police had a reasonable belief that address was suspect’s residence to effectuate arrest, the court noted that “oftentimes university students or law clerks in their twenties use their parents’ address while studying or clerking” so that even if his parents’ address was his “‘permanent address’ in some sense, that is not inconsistent with [his] residence” being at another location). Cf. Mitchell v. Kinney, 242 Ala. 196, 208, 5 So.2d 788, 799 (1942) (“ ‘Every person is presumed, moreover, to have a domicil somewhere; and although he may, in some instances, have a domicil in one place, and a residence in another, or, as is sometimes said, two residences for the purposes of business; yet he can not have more than one domicil at the same time, for the purpose of succession.’ ”). “Domicile” is a more definite term and has been defined as “ ‘[t]he place at which a person is physically present and that the person regards as home; a person’s true, fixed, principal, and permanent home, to which that person intends to return and remain even though currently residing elsewhere.’” Ryan v. State, 865 So.2d 1239, 1243 n. 4 (Ala.Crim. App.2003), quoting Black’s Law Dictionary 501 (7th ed.1999).
“ ‘A person’s domicile is that place in which his habitation is fixed, without any present intention of removing, and it embraces (1) the fact of residence and (2) the intention to remain. As a general proposition, a person can have but one domicile, [which] once acquired is presumed to continue until a new one is gained facto et animo, and what state of facts constitutes a change of domicile is a mixed question of law and fact.’
“Ex parte Weissinger, 247 Ala. 113, 117, 22 So.2d 510, 514 (1945).”
Harris v. McKenzie, 703 So.2d 309, 313 (Ala.1997).
Looking to legislative intent, I note that, if this residency requirement had been intended to be more exact or more precisely determinable, the legislature could have required that the potential juror’s domicile be in the county of the trial. “The Alabama Supreme Court has stated that for *846 purposes of § 12-16-60 less proof is required to prove residence than is required for purposes of proving domicile. See City of Orange Beach v. Perdido Pass Developers, Inc., 631 So.2d 850 (Ala.1993) (court held that county where driver’s license was issued and county where mail was received proved county of residence for purposes of § 12-16-60).” Tyson v. State, 784 So.2d 328, 349 (Ala.Crim.App.2000).
“ ‘ “The word ‘residing’ is an ambiguous, elastic, or relative term, and includes a very temporary, as well as a permanent, abode.... It means a dwelling place for the time being, as distinguished from a mere temporary locality of existence.... It indicates some intent of permanency of occupation as distinguished from boarding or lodging, but does not require the intent of permanency to the degree required in domicile.... While residence is a necessary component of domicile, residence is not always domicile. One may have a legal domicile with his family, and reside actually and personally away from his family. In such event the word ‘reside’ may correctly denote either the technical domicile, or the actual personal residence. The word ‘reside’ is often used to express a different meaning according to the subject matter.” ’
“State Farm Mutual Automobile Ins. Co. v. Hanna, 277 Ala. 32, 37, 166 So.2d 872 (1964).”
Smith v. State, 612 So.2d 1314, 1315 (Ala.Crim.App.1992).
In determining a constitutionally proper way to select potential jurors for service, Alabama has enumerated several appropriate methods of compilation:
“The jury commission for each county shall compile and maintain an alphabetical master list of all persons in the county who may be called for jury duty, with their addresses and any other necessary identifying information. This list may include all registered voters, persons holding drivers’ licenses and registering motor vehicles, and may include other lists, such as lists of utility customers and persons listing property for ad valo-rem taxation, which will include persons whose listing will foster the policy and protect the rights provided in Sections 12-16-55 and 12-16-56.”
§ 12-16-57(a), Ala.Code 1975. These methods of determining qualifications and selection of jurors may also be used as indicia of residency to qualify for service.
In Smith v. State, supra, the foreman of the grand jury lived in Houston County during the prosecution of the case, which took place in Geneva County; however, he was found to be a resident of Geneva County based on the following:
“ ‘[T]he trial judge did not err in concluding that Mr. Enfinger was a “resident” of Geneva County. The facts indicating that Mr. Enfinger was a resident of Geneva County are as follows: He was born on his parents’ farm in Geneva County. He later purchased that farm and either owns or has an interest in those 101 acres. His son was presently living on that farm. Mr. Enfinger was 68 years old and had lived on that farm with his first wife for 42 years. He received his mail in Geneva County. He was registered to vote in Geneva County. He did his banking, bought his groceries, and transacted most of his business in Geneva County. His motor vehicle driver’s license was issued in Geneva County. He had been a lifelong resident of Geneva County and considered himself a resident of Geneva County and “a Geneva County boy.” R. 38.
*847 “ ‘Mr. Enfinger’s connection with Houston County was that for approximately 13 months before the return of the indictment against the appellant, he had been living in a house in Houston County. That house was owned by his second wife and was located 300 yards from the Geneva County line. Mr. En-finger testified that if his wife died he would move back to Geneva County.’ ”
Smith v. State, 612 So.2d at 1314-15. See also City of Orange Beach v. Perdido Pass Developers, Inc., 631 So.2d 850, 854 (Ala.Crim.App.1993) (juror who had been temporarily living in Mobile County met residency requirement of § 12-16-60, Ala. Code 1975, for Baldwin County; she received her driver’s license in Baldwin County, her mail was delivered to her mother’s house in Baldwin County, and she planned to return to Baldwin County in the near future).
In this case, the juror had been employed at Reid State Technical College in Alabama for 15 years and maintained an Alabama driver’s license. He had paid income taxes to Alabama for 30 years. He received his mail in Escambia County, Alabama, all four of his motor vehicles were registered in Escambia County, and he maintained a checking account in Escam-bia County. There was testimony that he spent three or four days out of a week at this residence in Escambia County. Although a family member and not juror no. 216 actually owned the house, residency does not require ownership. Moreover, juror no. 216’s motivation of keeping his job does not negate his residency; it merely explains it.
Juror no. 216 also consistently stated that he believed that he resided in Alabama. Although a juror’s belief that he was qualified to serve on a jury does not meet the requirements of § 12 — 16—60(a)(1), Ala.Code 1975, Keibler-Thompson Corp. v. Steading, 907 So.2d 435, 443 (Ala.2005), it is nonetheless a factor to be considered. See Smith v. State, 612 So.2d at 1314 (juror considered himself a resident of Geneva County); Yancey v. State, [Ms. CR-04-1171, March 20, 2009] — So.3d — (Ala.Crim.App.2009) (holding that potential juror was a resident of Russell County because he received his tax returns, was registered to vote, and received his license tags in Russell County). See also Greenwald v. State, 579 So.2d 38, 41 (Ala.Crim.App.1991) (trial court properly denied the motion for new trial finding that the juror was a resident of Marshall County, stating that “ ‘[s]he testified that she has, at all times, considered herself a resident of Marshall County and maintained the apartment in Huntsville and her voting registration there only as a “matter of convenience” ’ ”).
In enacting the statutory qualifications for a juror, the legislature used the term “residence” rather than the more precise and defined term “domicile,” without providing a definition of “residence.” It is the province of the legislature to make such determinations and it has done so where the repercussions of the determination are weightier. For example, the legislature established the place of voting in elections to be the elector’s domicile. Harris v. McKenzie, supra. Section 17-9-10, Ala. Code 1975, establishes that “the elector shall vote in the county and voting place of his or her domicile.... ”
Finally, although “[t]he requirements of § 12-16-60 are mandatory” and the juror’s qualifications are not matters within the trial court’s discretion, Keibler-Thompson Corp. v. Steading, 907 So.2d at 441, a juror’s residency outside the county of the *848 trial and his failure to truthfully respond to questions concerning his residency do not necessarily require a reversal. In Bufford v. State, 382 So.2d 1162, 1171-73 (Ala.Crim.App.1980), this Court addressed Buf-ford’s claim that he was entitled to a new trial because one of the jurors who had heard his case was not a resident of Wilcox County but was a resident of Dallas County. The trial court in that case noted that there was no deceit by the parties nor was there any evidence indicating that ‘“the juror was interested in the outcome of the trial.’ ” Bufford v. State, 382 So.2d at 1172. The trial court further found that there was no evidence that Bufford was prejudiced in any way by this juror sitting on the case. Bufford v. State, 382 So.2d at 1172. This Court stated:
“Although a defendant has a right to have questions answered truthfully by prospective jurors, the failure of a juror to make a proper response to a question regarding his qualifications does not automatically entitle a defendant to a new trial. The proper inquiry by this court in such cases is whether the appellant’s rights were prejudiced by the juror’s failure to respond properly. Beauregard v. State, Ala.Cr.App., 372 So.2d 37 (1979), cert. denied, Ala., 372 So.2d 44, and cases cited therein. In Freeman v. Hall, 286 Ala. 161, 238 So.2d 330 (1970), our supreme court stated:
“ “We hold that the proper inquiry for the trial court on motion for new trial, grounded on allegedly improper responses or lack of responses by prospective jurors on voir dire, is whether this has resulted in probable prejudice to the movant. This appears to be the general rule throughout the country [see Annotations, 38 A.L.R.2d 624, and 63 A.L.R.2d 1061]....’
[[Image here]]
“Had the juror made a truthful answer to the court’s question on voir dire, she would have been subject to challenge for cause. However, the mere fact that she resided in an adjoining county does not per se require a reversal of this cause. Nonresidency in such a case does not impute prejudice per se. In fact there are times when nonresident jurors would be less likely to bear prejudice or bias against a defendant.”
Bufford v. State, 382 So.2d at 1172. See McCollum v. State, 678 So.2d 1210, 1216 (Ala.Crim.App.1995) (“The appellant failed to show, as he must show in order to be entitled to a new trial, how he was prejudiced by the service of this nonresident juror. Ex parte Poole, 497 So.2d 537 (Ala.1986.).”). See also Watters v. Lawrence County, 551 So.2d 1011, 1015-16 (Ala.1989); Latimore v. State, 534 So.2d 665, 668 (Ala.Crim.App.1988); Brown v. State, 392 So.2d 1248, 1264 (Ala.Crim.App.1980).
The fact that an appellant must show prejudice is clear based on the fact that his right to a properly selected jury for his trial falls under his right to a fair trial. “While it might be argued that if the state sought to unduly burden or restrict the classification or selection of jurors, it would be prohibited by the Constitution, the right protected would still only be the right to a fair trial.” Williams v. State, 51 Ala.App. 1, 282 So.2d 349, 352 (1973). Where there is no challenge to a juror’s qualifications or a juror’s propriety to have served on a jury other than residency, there is no showing of a denial of a fair trial. This conclusion can be most readily reached as follows:
“ ‘The most glaring analogy is in the case of a change of venue. Although the appellant did not request a change of venue in the instant case, our statutes nevertheless allow for such a procedure. Section 15-2-20, et seq., Code of Ala. *849 1975. In those cases where change of venue has been granted, an accused would be tried by a jury composed entirely of persons who were not residents of the county from which the case was transferred. Therefore, there is no inherent prejudice attributed to a trial by a nonresident or nonresidents of the county in which the offense was commit ted.’ ”
Vaughn v. State, 395 So.2d 97, 102 (Ala.Crim.App.1980).
Here, Chavers has shown no prejudice to his case caused by juror no. 216’s service on the jury. Cf. Ex parte Jones, 753 So.2d 1211 (Ala.1999) (where member of grand jury was resident of Florida, the indictment was not void because objection was not timely raised and there was no prejudice shown). In fact, he did not raise this matter in the motion for a new trial; the trial court brought up sua sponte the possibility of the residency problem. After raising the matter and hearing the testimony of a number of witnesses concerning juror no. 216’s residency, the trial court returned extensive findings of fact indicating a thorough consideration of this matter prior to making its determination. Chavers never claimed nor demonstrated prejudice. Pogue v. State, 429 So.2d 1159, 1160-61 (Ala.Crim.App.1983) (no inherent prejudice by a nonresident juror serving on Pogue’s jury); Huckabaa v. State, 475 So.2d 891, 892-93 (Ala.Crim.App.1985) (no showing of prejudice by Huckabaa as a result of service on the jury of a juror who was a Virginia resident). As the trial court notes in its findings of fact following the remand of this case, although one of Chavers’s attorneys was called to testify at the hearing, he was not asked whether he would have challenged juror no. 216 for cause or struck him if the challenge had been unsuccessful. (S.R.40.) He was also neither asked nor did he state that this juror’s service prejudiced or possibly prejudiced Chavers. (S.R.40.)
Thus, because I believe the trial court properly determined that juror no. 216 resided in Escambia County, Alabama, for the purpose of the residency requirements of § 12-16-60, Ala.Code 1975, and further that Chavers has failed to show that he suffered probable prejudice as a result of this juror’s service, I would affirm the trial court’s denial of the motion for new trial. Therefore, I dissent.