This is a breach of contract case. The actual issue presented for review is whether there was credible evidence before the circuit court concerning the damages occasioned to the plaintiff by reason of the defendant's breach of the contract.
The parties entered into an agreement which commenced on May 1, 1976, whereby the plaintiff was to furnish to the defendant planned and programmed background music known as Muzak and to provide and service certain necessary electronic equipment therefor. As consideration, the defendant was to pay a monthly fee of $56.80 to the plaintiff. The contract was for an initial period of five years and, under its terms, was automatically renewed for another five year period commencing on May 1, 1981. The plaintiff provided the required services and equipment but, on June 19, 1982, the defendant by a letter to the plaintiff unilaterally terminated the contract. The trial court rendered judgment for the plaintiff. The computation of damages as contained in the judgment was as follows:
 "Therefore, it is the opinion of this Court that the damages due the plaintiff for such a breach are to be computed as follows:
 "$56.80 for monthly charge, times the months remaining under the contract (42) = $2,383.60
 "$2,383.60, minus the savings to plaintiff over the remainder of contract period in mitigation of his damages, $476.72 = $1,906.88
 "$1,906.88, plus $925.00 unpaid monthly charges prior to defendant's notice to plaintiff of breach = $2,833.88
 "$2,833.88, plus a reasonable attorney's fee of $450.00 = $3,283.88, plus court costs."
The defendant has appealed. We affirm.
Since an ore tenus trial was held before the circuit court, we review the evidence, and reasonable inferences therefrom, to ascertain if credible evidence supported the damages awarded. The following is pertinently revealed as to the issue before us.
The gist of the testimony of the president of the plaintiff corporation was that the amount of their damages for breach of contract would be the total amount due to be paid by the defendant for the remaining forty-two months of the contract, less certain recoverable amounts and fees which the plaintiff would not incur after the termination of the case since the defendant would no longer be a customer. He swore that the figure will provide the approximate amount that the plaintiff expects to be paid. Those excluded amounts and fees were estimated to be twenty percent of the monthly charges, which could have been inferred by the trial court as covering monthly payments by the plaintiff to Muzak Corporation of ten percent of the plaintiff's monthly billing to customers, a base royalty fee for receiving signals from a satellite, telephone expenses for transmitting the music, and the plaintiff's payment to a society for the use of their music.
Since the plaintiff services two thousand accounts, it had no breakdown as to each account as to how much of that customer's monthly payment is profit and how much is expense. Although there was no evidence *Page 1034 
as to the plaintiff's other operating expenses for rent, transportation, wages and salaries, tools, test equipment and time, the trial court could have reasonable inferred and concluded that those particular expenses of the plaintiff would continue to remain the same with or without the defendant as a customer.
The general rule as to the measure of damages in breach of contract cases is that damages are recoverable which are the natural and proximate consequence of the breach, and it is that sum which would place the injured party in the same condition he would have occupied if the contract had not been breached. Alabama Pattern Jury Instructions — Civil, Charges 10.17 and 11.28. Lost profits are recoverable for the breach of a contract if the profits are a material and direct result of the breach and are capable of ascertainment with reasonable certainty, that is, such certainty as satisfies the mind of a prudent and impartial person. Paris v. Buckner Feed Mill, Inc.,279 Ala. 148, 182 So.2d 880 (1966); C. Gamble D. Corley,Alabama Law of Damages § 17-1, p. 192 (1982). It was decided inUnited Bonding Insurance Co. v. W.S. Newell, Inc., 285 Ala. 371, 232 So.2d 616 (1969), as follows:
 "Damages for breach of contract need not be assessed with mathematical precision. As noted in 22 Am.Jur.2d 44, Damages, § 25:
 "`* * * it is now generally held that the uncertainty which prevents a recovery is uncertainty as to the fact of the damage and not as to its amount and that where it is reasonably certain that damage has resulted, mere uncertainty as to the amount will not preclude the right of recovery or prevent a jury decision awarding damages. This view has been sustained where, from the nature of the case, the extent of the injury and the amount of damage are not capable of exact and accurate proof. Under such circumstances, all that can be required is that the evidence — with such certainty as the nature of the particular case may permit — lay a foundation which will enable the trier of the facts to make a fair and reasonable estimate of the amount of damage. The plaintiff will not be denied a substantial recovery if he has produced the best evidence available and it is sufficient to afford a reasonable basis for estimating his loss.'
 "This general statement is consistent with the law in this state. We think the trial court in this case had before it evidence which furnished a reasonable basis for the computation of the damages suffered by the appellee. We find nothing unreasonable with regard to the manner of computing damages adopted by the court."
285 Ala. at 380, 232 So.2d at 624. To the same effect seeFarmer v. Strother, 423 So.2d 252 (Ala.Civ.App. 1982), which also noted that, after an ore tenus nonjury trial, the decision of the trial court as to damages is favored with a presumption of correctness and that the reviewing court will not substitute its judgment for that of the trial court.
The evidence concerning the plaintiff's damages was adequate to permit the award as made. It was sufficient to afford a reasonable basis for estimating the loss suffered by the plaintiff because of the defendant's breach of contract. The judgment of the trial court is affirmed.
The contract provided for the payment of the attorney's fees of the plaintiff for the collection of moneys due it by the defendant. We award the appellee the sum of $250 from the appellant for legal services rendered upon this appeal.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10
(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur. *Page 1035