This is a breach of contract case.
After an ore tenus hearing, the trial court entered a judgment in favor of the employee and awarded damages of $8,500. The employer appeals, and we affirm in part and reverse in part.
Viewing the record with the attendant presumptions, we find the following is pertinently revealed:
The employee, Dean Pollack, entered into an employment contract with his employer, Curacare, Inc., on May 2, 1983. It appears from the contract and other evidence that Pollack's employment was to be for a "term of one year" at a salary of $562.50 bi-weekly.
Pollack began his employment with Curacare on May 16, 1983, in Thomasville, Alabama. This employment continued until Pollack was given oral notification of his termination on approximately September 13, 1983.
On appeal, Curacare, through able counsel, raises two contentions of error: (1) that the trial court erred in finding that an employment contract existed between the parties and that said contract was breached by Curacare, and (2) that the trial court erred in its determination of damages. We agree in part and disagree in part.
We note at the outset that an ore tenus hearing was held. It is hornbook law that needs no citation of authority that we will not substitute our findings for that of the trial court in the absence of clear and palpable error.
Curacare's first contention is that the trial court erred in finding that a contract existed between the parties. We disagree.
The elements of a contract are an agreement, consideration, two or more contracting parties, a legal object, and capacity.See Freeman v. First State Bank of Albertville,401 So.2d 11 (Ala. 1981). These elements are certainly found within the case at bar.
The agreement of the parties was reduced to writing by Curacare and signed by Pollack. This agreement stated the terms of Pollack's employment with Curacare. The agreement also stated the provisions for termination of employment.
We find, given the evidence recited above, that a contract was entered into by the parties in the case at bar and was evidenced by the written agreement entered into evidence.
Further, Curacare contends that it did not breach the terms of the contract between the parties. We disagree.
The contract entered into by the parties states at paragraph 8 the following:
 "Termination: Employment hereunder may be terminated by either party hereto with written notice to the other party *Page 472 
two weeks prior to the effective date of termination."
The foregoing clause makes termination of Pollack's employment dependent upon "written notice" being provided to the other party. It was undisputed at trial that Curacare terminated Pollack's employment by giving him oral notification on approximately September 13, 1983. It is Curacare's failure to provide written notice of termination that Pollack claims as a breach of the employment contract.
A breach of contract has been stated as being a party's failure to do a particular thing which he had agreed to do by way of contract. Seybold v. Magnolia Land Co.,376 So.2d 1083 (Ala. 1979).
It is clear from the facts of this case that Curacare breached the terms of the contract between Pollack and Curacare. Termination of employment was expressly conditioned upon written notification. No other notice would suffice.
Finally, Curacare contends that the trial court erred in its award of damages. Curacare contends that, even if it were found to be in breach of the contract, it was error for the trial court to award any amount of damages exceeding two weeks of compensation. We agree.
It is well established that in contract law the primary duty of the trial court is to put the injured party in the condition he would have occupied if the contract had not been violated, or had been fully performed. Marshall Durbin Farms, Inc. v.Landers, 470 So.2d 1098 (Ala. 1985); Files v.Schaible, 445 So.2d 257 (Ala. 1984); Brendle FireEquipment, Inc. v. Electronic Engineers, Inc.,454 So.2d 1032 (Ala.Civ.App. 1984). However, the injured party is not to be put in a better position by a recovery of damages for the breach than he would have been in if there had been performance. 25 C.J.S. Damages § 74 (1955).
In the case at bar, if Curacare had performed in accordance with the terms of the contract, it would have provided Pollack with written notice of termination, rather than oral notice. Written notice of termination would have provided Pollack two weeks' notification before his eventual termination. Written notice would have constituted perfect performance under the terms of the contract between the parties. Thus, any damage award to Pollack in excess of two weeks' compensation, $562.50, is excessive. We must, therefore, reverse the trial court's judgment with regard to damages and remand for proceedings not inconsistent with the above.
This case is due to be affirmed in part and reversed and remanded in part.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
WRIGHT, P.J., and BRADLEY, J., concur.