HOUSTON, Justice.
Having carefully read and considered the record, together with the briefs and oral arguments of counsel, we conclude that the writ is due to be quashed.
From our review of the materials before us, we understand the petitioner’s primary contention to be that his employment was never terminated pursuant to the terms of the employment contract, because he never received written notice of termination as specified in the contract. Therefore, he argues that he is entitled to full compensation for the remainder of the term of the contract. However, as the facts set forth in the opinion of the Court of Civil Appeals show, Curacare had the express authority pursuant to the contract to terminate the petitioner’s employment at any time. Cu-racare breached the contract by giving only an oral notice of termination. The Court of Civil Appeals makes it very clear that the petitioner’s employment was, in fact, terminated. This conclusion is based upon that court’s determination that Curacare had substantially performed under the terms of the contract by giving actual notice. In other words, the court apparently concluded that written notice was not a material or bargained for provision in the contract. Consequently, even though Curacare breached the contract by not giving written notice of termination, any damages award to the petitioner in excess of two weeks’ compensation would be excessive.
For the foregoing reasons, the writ- is quashed.
WRIT QUASHED AS IMPROVIDENTLY GRANTED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, BEATTY, ADAMS and STEAGALL, JJ., concur.