This is an appeal from a summary judgment in favor of Lake Forest Property Owners' Association, Inc. ("the Association"), in a suit brought by Joseph Burch, who alleged that he was terminated as the Association's general manager and golf professional, without the 45-day notice required by his contract. He alleged that that termination, therefore, resulted in a breach of his contract.
Burch contends that when he negotiated his contract to become the general manager *Page 612 
and "golf pro" for the Association, he insisted that a provision for a 45-day notice of termination be included. The contract provided for employment for a period of two years; however, it contained a termination clause. That clause reads as follows:
 "Notwithstanding any other provisions of the agreement, the Association reserves the right to terminate [Burch] at any time for any reason, with forty-five days' written notice." (Emphasis added).
Despite the notice clause, which was added pursuant to his wishes, Burch was terminated without notice. The Association, recognizing that the notice provision had been violated, paid Burch for the 45 days that he would have worked if the contract had been complied with and gave him all the benefits to which he would have been entitled during that 45-day period.
Despite the fact that Burch was compensated for the 45 days he would have been employed had the Association complied with the notice provision, Burch contends that he is entitled to payment for the entire contract period of two years.
 "It is well established that in contract law the primary duty of the trial court is to put the injured party in the condition he would have occupied if the contract had not been violated, or had been fully performed. Marshall Durbin Farms, Inc. v. Landers, 470 So.2d 1098 (Ala. 1985); Files v. Schaible, 445 So.2d 257 (Ala. 1984); Brendle Fire Equipment, Inc. v. Electronic Engineers, Inc., 454 So.2d 1032 (Ala.Civ.App. 1984). However, the injured party is not to be put in a better position by a recovery of damages for the breach than he would have been in if there had been performance. 25 C.J.S. Damages § 74 (1955)."
Curacare, Inc. v. Pollack, 501 So.2d 470, 472 (Ala.Civ.App. 1986), cert. quashed, 501 So.2d 472 (Ala. 1986). If the Association had fully performed the provisions of the contract, Burch would have received compensation for 45 days as well as all of the privileges afforded the general manager and golf pro of the Association. All of these things were given to him, despite the fact that he was not allowed to "remain on the job" for those 45 days.
 "The summary discharge of an employee entitled under the employment contract to a specified period of notice ordinarily permits him to recover his compensation for the notice period only and not for the entire balance of the contract period."
Annot., 96 A.L.R.2d 272, 277 (1964). We conclude that the violation of the notice provision does not entitle Burch to compensation for the entire contract period. Because the Association had already compensated him for the notice period provided in the contract, summary judgment was proper. Therefore, that judgment is hereby affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and STEAGALL, JJ., concur.