[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 852 
This appeal arises out of the City of Orange Beach's refusal to approve zoning for an undeveloped island owned by Perdido Pass Developers, Inc., after annexing the property and agreeing to zone the property for development. Perdido Pass Developers, Inc., along with the previous owner of the island, Isle of Fantasy, Inc., and Richard Gilbert, sole shareholder of Isle of Fantasy, Inc., sued the City of Orange Beach, alleging breach of contract. Richard Gilbert and Isle of Fantasy, Inc., were later dismissed from the action. The jury returned a verdict in favor of Perdido Pass Developers, Inc., awarding compensatory damages in the amount of $4,500,000. The trial court denied the City of Orange Beach's motion for a judgment notwithstanding the verdict or for a new trial, and entered a judgment on the verdict.
The dispositive issue on appeal is whether the trial court correctly denied the motion for a J.N.O.V. or for a new trial after the jury had returned its verdict for Perdido Pass Developers, Inc.
A jury's verdict is presumed correct and will not be disturbed unless plainly erroneous or manifestly unjust.Alpine Bay Resorts, Inc. v. Wyatt, 539 So.2d 160, 162
(Ala. 1988). In addition, a judgment based upon a jury verdict and sustained by the denial of a postjudgment motion for a new trial, will not be reversed unless it is plainly and palpably wrong. Ashbee v. Brock, 510 So.2d 214 (Ala. 1987). Because the jury returned a verdict for Perdido Pass Developers, Inc., any disputed questions of fact must be resolved in its favor, and we must presume that the jury drew from the facts any reasonable inferences necessary to support its verdict. StateFarm Auto. Ins. Co. v. Morris, 612 So.2d 440, 443 (Ala. 1993). In short, in reviewing a judgment based on a jury verdict, this Court must review the record in a light most favorable to the appellee. Continental Cas. Ins. Co. v. McDonald,567 So.2d 1208, 1211 (Ala. 1990).
The case centers around Robinson Island, an island lying near Alabama Point in Baldwin County. Richard Gilbert was the sole shareholder in Isle of Fantasy, Inc., a real estate development corporation incorporated in Florida. In 1985 Gilbert purchased Robinson Island and began to plan its development. Robinson Island at that time was located outside the boundaries of any municipality. Gilbert met with Mayor Ron Calloway of the City of Orange Beach, who discussed with him the annexation of the island into the city. In 1987, Gilbert wrote a letter to the Orange Beach city attorney, requesting Planned Unit Development (PUD) zoning, which would allow various types of development on the island, including a marina, single-family lots, and a hotel. The city attorney amended the letter by adding a request for the least restrictive zoning and a statement indicating that zoning would occur at the time of annexation. Mayor Calloway and Gilbert also discussed the idea that the *Page 853 
annexation was conditional upon receiving the zoning. Mayor Calloway testified to the following:
 "The agreement was if we would annex the island into the City of Orange Beach, that we would support his concept and give him the least restrictive zoning that was necessary in order to develop his project and it would all be done in accordance with the rules and regulations within the law."
Gilbert then submitted an annexation-zoning letter to the Orange Beach Town Council, which agreed to support the project. Afterwards, Calloway wrote Gilbert a letter, referring to Orange Beach's support of the development and of "any future developers" of Robinson Island.
On February 8, 1988, Gilbert wrote to the Orange Beach Town Council, stating that the development would occur in several phases, and that the development would have a reduced number of lots. The town council then reconfirmed its approval of the project. In March 1988, the city annexed the island; the annexation ordinance was filed for record on April 14, 1988. Around that time Perdido Pass Developers, Inc. ("Perdido Pass"), bought Robinson Island from Gilbert and Isle of Fantasy and began to plan its development in reliance upon receiving proper development zoning. Orange Beach issued Perdido Pass a septic tank permit for the island and also accepted from it payments for various applications for the project. The minutes of the July 6, 1988, Orange Beach Town Council meeting noted that Perdido Pass owned the property.
In May 1988, the following entry was made in the town council minutes:
 "There was a discussion of zoning. Mayor Calloway and Mr. Gilbert concurred the agreement between the Town Council and Mr. Gilbert upon annexation of Robinson Island was that rezoning procedures would be waived and he would receive whatever zoning appropriate for his project. At that time he would be required to follow the laws and regulations appropriate for that zoning."
However, several members of the Orange Beach community began to express concern for the impact the development would make upon the coastal environment. In the summer of 1988, a councilman asked Gilbert to table the zoning matter until after the forthcoming election. The councilman also told Gilbert that he would vote to approve the zoning only if Gilbert provided "certified letters of everything" that had been accomplished on the project. The councilman again asked for certified copies at the council meeting on September 6, 1988, although at the trial the town clerk testified that he had never known of a requirement of certified letters prior to zoning approval. The council then voted to deny Gilbert's request for PUD zoning at that September 6 meeting. After the denial, this breach of contract action was filed.
Orange Beach first argues that Perdido Pass and Isle of Fantasy were in breach of contract, by altering the original development plan from a plan for a resort development to one for a single-family residential area that would be developed in various stages.
We have held that, when a jury is determining the meaning of an ambiguous contract, it is within the province of the jury to ascertain the facts and draw inferences from them.Engineers of the South, Inc. v. Goodwin, 366 So.2d 673, 675
(Ala. 1978). In addition, whether a party has substantially performed a promise under a contract is a question of fact to be determined from the circumstances of the case. Cobbs v. FredBurgos Construction Co., 477 So.2d 335, 338 (Ala. 1985).
There was no single document that served as a contract in this case. Instead, there was testimony, and there were various letters before the jury, to show Orange Beach and Perdido Pass's annexation-zoning agreement. The jury found that there was an agreement that Robinson Island would receive PUD zoning if Orange Beach annexed the property and that Orange Beach breached this agreement. The February 8, 1988, letter to Orange Beach was before the jury, and the jury did not consider the new plan to constitute a breach of the agreement. Orange Beach's argument on this issue is without merit. *Page 854 
Orange Beach next contends that implementing the agreement would amount to unlawful "contract zoning," zoning by a municipality that is "legislative in nature" and "cannot be bought or sold." Haas v. City of Mobile, 289 Ala. 16, 19,265 So.2d 564, 566 (1972), quoting 133 N.Y.L. Journal 4 (1955).
However, an annexation and zoning agreement is permissible if the city does not abdicate its legislative responsibility and the city is extensively involved in the development of the property. Bradley v. City of Trussville, 527 So.2d 1303
(Ala.Civ.App. 1988). It does not appear that Orange Beach abused its legislative discretion with regard to the zoning agreement. The annexation-zoning agreement was valid, because the evidence shows that Orange Beach was extensively involved in negotiations concerning the Robinson Island project.
Orange Beach further argues that Perdido Pass did not obtain title to Robinson Island, because Perdido Pass was not incorporated at the time of conveyance, and, therefore, that it does not have standing to sue. In addition, it contends that the contract was void because, it says, Isle of Fantasy was an unqualified foreign corporation and Perdido Pass was merely an assignee of the contract.
These arguments are also without merit. The evidence shows that the articles of incorporation for Perdido Pass were signed on February 25, 1988, and were filed with the probate court on March 16, 1988. The deed from Isle of Fantasy to Perdido Pass was dated February 27, 1988. The deed to Robinson Island was filed with the probate court on April 14, 1988. Although Perdido Pass's articles of incorporation were filed before the signing of the deed, the evidence shows that Perdido Pass was treated as a corporation by all parties, including Orange Beach. Orange Beach received various applications from Perdido Pass, issued receipts to Perdido Pass for various payments, and issued a septic tank license to Perdido Pass for the island. We will not allow Orange Beach to deny Perdido Pass's existence as a corporation after having dealt with it as a corporation. SeeBukacek v. Pell City Farms, Inc., 286 Ala. 141, 237 So.2d 851
(1970); City of Greenville v. Greenville Water Works Co.,125 Ala. 625, 27 So. 764 (1900).
Further, Orange Beach's conduct indicates that it assented to Perdido Pass's substitution in the agreement. Its contention that the contract was void because Perdido Pass was an assignee to the Isle of Fantasy agreement is invalid. See AIM LeasingCorp. v. Helicopter Medical Evacuation, Inc., 687 F.2d 354
(11th Cir. 1982).
Orange Beach next contends that the jury verdict was invalid because, it says, a particular juror should have been disqualified for jury service under Ala. Code 1975, §12-16-60(a)(1). The juror had been temporarily living in Mobile County before the trial. However, the record shows that the juror received her driver's license in Baldwin County and received mail at her mother's address in Fairhope, in Baldwin County. It was at the same Fairhope address that she received her summons to serve on the jury. The juror had been temporarily living in Mobile because of a family problem and expected to return to Fairhope in the near future. We find that she was not disqualified under § 12-16-60. See Thomas v. State,622 So.2d 415 (Ala.Cr.App. 1992); Greenwald v. State,579 So.2d 38 (Ala.Cr.App. 1991).
Orange Beach also argues that Perdido Pass failed to prove its lost profits with certainty. The jury considered testimony from two expert witnesses for Perdido Pass, who testified to the amount of lost profits, basing their estimates upon lot values and development costs. The jury considered the testimony to be accurate. We conclude that Perdido Pass proved its lost profits with reasonable certainty and, therefore, was entitled to recover them. See Super Valu Stores, Inc. v. Peterson,506 So.2d 317 (Ala. 1987); Kirkland Co. of Anniston, P.C. v. A M Food Service, Inc., 579 So.2d 1278 (Ala. 1991).
Finally, Orange Beach contends that the annexation of Robinson Island was void because, it says, the island was not contiguous to Orange Beach, citing Ala. Code 1975, § 11-42-21. The record shows that this defense was not raised at the trial court *Page 855 
level. A defense that is not raised in the trial court cannot be raised for the first time on appeal. Parker v. Reaves,505 So.2d 323 (Ala. 1987).
For the foregoing reasons, we conclude that the trial court correctly denied Orange Beach's motion for a J.N.O.V. or for a new trial. Its judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and STEAGALL, JJ., concur.