Holland Woodard Company, Inc. (Holland Woodard), filed a multi-count complaint, wherein it requested that the trial court enter a judgment against Thomas H. Joiner, Jr., in the amount of $13,980, plus interest. Holland Woodard alleged that this amount was due under a contract between the parties, wherein Holland Woodard was to provide construction materials, supplies, work, and labor to construct a parking lot on Joiner's property.
Joiner filed an answer and a counterclaim. Joiner alleged in his counterclaim that Holland Woodard had breached the contract between the parties when it failed to properly construct the parking lot and that because *Page 262 
the parking lot was defective, it must be replaced.
After a non-jury trial, the trial court entered an order, wherein it found that, on the original complaint, Joiner owed Holland Woodard $14,851.81 for the work performed under the contract. Further, the trial court found on the counterclaim that Holland Woodard had failed to properly prepare a base and had failed to properly pave the access roads and parking lot on Joiner's property. The trial court found that the damages suffered by Joiner offset the damages due Holland 
Woodard so that neither should recover on the claims in this action.
Joiner filed a motion to amend the judgment to reflect, as the proper amount of damages, the dollar amount necessary to remove and replace the improperly constructed parking lot. This motion was denied.
Joiner appeals. This case is before this court pursuant to Ala. Code 1975, § 12-2-7(6).
The dispositive issue is whether the trial court committed reversible error in its determination of damages on the counterclaim.
The law is clear that when a trial court, sitting without a jury, enters a judgment after hearing the testimony and reviewing the evidence, and reasonable inferences therefrom, such judgment will be affirmed on appeal if there is credible evidence to support the judgment and if the judgment is not palpably wrong or manifestly unjust. City of Bridgeport v.Citizens Action Committee, 571 So.2d 1089 (Ala. 1990).
The measure of damages in a breach of contract case is "that sum which would place the injured party in the same condition he would have occupied if the contract had not been breached."Brendle Fire Equipment, Inc. v. Electronic Engineers, Inc.,454 So.2d 1032, 1034 (Ala.Civ.App. 1984). The standard to use for computing damages would be the "diminished value" or the difference between the value of the parking lot as constructed and the value of the parking lot as contracted. Alabama Pool Construction Co. v. Rickard, 418 So.2d 149
(Ala.Civ.App. 1982). It is well settled that damages in a breach of contract case do not have to be measured with mathematical precision. Brendle Fire Equipment, Inc., 454 So.2d 1032.
When we view the record with the attendant presumptions, the following is revealed: Larry Lynn, a civil engineer who testified as an expert witness on behalf of Joiner, stated that if a parking lot is correctly constructed, it should last 15 years, without any repair work. Lynn also testified that if the parking lot is not correctly constructed, it will last only one to two years, depending upon the traffic load. Lynn recommended that the parking lot be removed and replaced at a cost of between $48,000 and $50,000.
However, Lynn admitted that he could not say, as a matter of certainty, that the parking lot is going to fall any more than it already has. In fact, Lynn admitted that if the defects in the pavement of the parking lot which had appeared prior to the trial were repaired correctly, then he could not say, as a matter of certainty, that any more defects would appear.
In view of the above, we cannot say that the trial court erred when it declined to order Holland Woodard to compensate Joiner for removal and replacement of the parking lot.
The testimony in this case revealed that the actual cost of the paving job was $29,645.00 and that $14,851.81, including interest, was due under the contract at the time of trial. There was evidence that approximately one-half of the samples tested by Lynn revealed that the asphalt was thinly applied. Consequently, there was credible evidence to support the trial court's finding that the value of the paving work on the parking lot diminished in value by one-half.
The judgment is due to be affirmed.
Joiner has requested an attorney's fee for representation on appeal. The record in this case reveals no basis to make an award for an attorney's fee. In any event, the request is denied.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions *Page 263 
of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.