MONROE, Judge.
. The defendant appeals from a judgment awarding damages in a breach of contract ease.
Lee Parker and William Smothers, individually and d/b/a Brimstone Minority Productions, Inc. (Brimstone), promoted and produced a jazz and blues festival in Madison County in May 1992. They contracted with Johnnie Taylor to be the headlining performer. Brimstone subsequently sued Taylor and Taylor’s production company, Tag Enterprises, for breach of that contract, alleging that Taylor failed to appear at the concert in time to perform. A jury found in favor of Brimstone and awarded damages in the amount of $17,017.61 on August 30, 1994. The trial court entered a judgment in favor of Brimstone in the amount of $19,434.99, which included $2,417.38 in interest calculated by the trial court, as stipulated by the parties. Taylor and Tag filed a motion for new trial or, in the alternative, for judgment notwithstanding the verdict, which was denied by the trial court.
Taylor and Tag argue that Brimstone sustained no damage or loss that would support the judgment awarding damages against Taylor and Tag for breach of contract.
The contract between the parties, which was drafted by Taylor’s agents, contained the following clause:
“IF ‘ARTIST’ FAILS TO APPEAR (EXCEPT BY AN ACT OF GOD) FOR HIS CONTRACTED PERFORMANCE, ‘EMPLOYER’ IS ENTITLED TO RECOVER *1004 ANY DEPOSITS PAID PLUS ANY COSTS (‘Employer’ will produce all receipts) OF ADVERTISING, PRINTING, BUILDING DEPOSITS, etc. ‘Employer’, if artist has failed to perform because of an act of God, shall first request the ‘Artist’ to make up the performance date for a time in the near future not in conflict with other performance dates of the ‘Artist’. ‘ARTIST’S’ FAILURE TO PERFORM OR MAKE UP THE PERFORMANCE DATE SHALL CONSTITUTE A BREACH.”
(Emphasis in original.)
Pursuant to the contract, Brimstone had paid Taylor $5,000 as a deposit and was to pay him another $5,000 after Taylor’s performance. Additionally, pursuant to the contract, Brimstone provided a stretch limousine and various specified refreshments for Taylor and his band, including a quart of Cour-voisier. Brimstone produced evidence that these items cost $729. The contract also stipulated that Brimstone was to provide a specified sound system for Taylor’s use; and Brimstone produced evidence that it did so at a cost of $1,600. There was evidence that some of the other performers at the festival also used this sound system.
Brimstone also produced evidence that it had to pay another artist an additional $1,500 to play an extra set of music to fill the time left open by Taylor’s failure to perform. Additionally, Brimstone produced evidence that it had incurred at least $12,000 in costs for advertising and printing for the festival, which heralded Taylor as the headliner. Finally, Brimstone produced evidence that it had a loss of at least $10,000 in sponsorship money for the next year’s festival, which it attributed directly to loss of confidence in Brimstone’s abilities due to Taylor’s failure to perform at the 1992 festival.
Taylor and Tag first assert that Brimstone sustained no damage or loss from Taylor’s breach of the contract, and, therefore, that the judgment in favor of Brimstone was improper. The evidence showed that Brimstone made a profit of approximately $10,000 from the festival. Taylor and Tag assert that Brimstone would have made $5,000 less in profit had it been required to pay Taylor the $5,000 that would have been required under the contract if he had performed. Therefore, Taylor and Tag argue that Brimstone in fact profited by $5,000 because Taylor did not perform.
Generally, the items of damage or loss that are compensable in a breach of contract action are those “which are the natural and proximate consequence of the breach, and it is that sum which would place the injured [party] in the same condition he would have occupied if the contract had not been breached.” Brendle Fire Equipment, Inc. v. Electronic Engineers, Inc., 454 So.2d 1032, 1034 (Ala.Civ.App.1984). “‘Damages for breach of contract need not be assessed with mathematical precision.’ ” Id., quoting United Bonding Insurance Co. v. W.S. Newell, Inc., 285 Ala. 371, 232 So.2d 616 (1969).
We first note that a jury verdict carries a presumption of correctness and that it will not be disturbed on appeal unless it is found to be plainly erroneous or manifestly unjust. City of Orange Beach v. Perdido Pass Developers, Inc., 631 So.2d 850 (Ala.1993). “In addition, a judgment based upon a jury verdict and sustained by the denial of a post-judgment motion for a new trial, will not be reversed unless it is plainly and palpably wrong.” Id. at 852. “[I]n reviewing a judgment based on a jury verdict, this Court must review the record in a light most favorable to the appellee.” Id.
In reviewing the record in the light most favorable to Brimstone, we cannot say that the jury erred in finding that Brimstone sustained damage or loss and in awarding damages. We find the argument that Brimstone did not sustain any damages — because it would have made $5,000 less in profits had it paid Taylor to perform — to be nonsensical. Brimstone presented evidence that it never recovered the $5,000 deposit it paid to Taylor; that it paid another artist an additional $1,500 to take Taylor’s place; that it provided transportation and refreshments for Taylor at a cost of $729; and that it lost approximately $10,000 in sponsorship money for the next year’s festival. These amounts alone add up to more than the amount of damages awarded by the jury. Additionally, the jury *1005 could reasonably have attributed to Taylor a portion of the cost of the sound system that Taylor required and a portion of the cost of advertising and printing for the festival. We find that the damages awarded by the jury were reasonably based upon what the jury could have found to be the natural and proximate result of the breach, and that the award would place Brimstone in the same position it would have been in had there been no breach. We cannot say that the judgment of the trial court awarding damages for breach of contract was plainly and palpably wrong.
Because we find sufficient evidence to support the award of damages for breach of contract, we need not address the defendant’s second issue, whether the contract contained a valid liquidated damages clause and, if so, whether damages would have been proper under that clause. If that clause was valid and applicable, it would have provided the plaintiffs a larger recovery than they received.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, YATES and CRAWLEY, JJ., concur.