This appeal arises from an action filed by Gary Cross against Joanne and Michael Pakruda. Cross claimed that the Pakrudas had violated noncompetition agreements they had with him and claimed tortious interference with contractual relations.
After two ore tenus proceedings, the trial court issued an injunction enforcing the covenants not to compete. Further, the trial court awarded Cross $17,599.88, which included $10,000 in damages and $7,599.88 for legal fees. The Pakrudas appeal.
A review of the record reveals the following pertinent facts: Cross owns several United States Taekwondo Alliance-affiliated gyms in the Madison County area, including the Madison Taekwondo Club. Michael and Joanne Pakruda became Cross's students in March 1992.
By December 1993, the Pakrudas had attained black-belt status, and Cross gave them the opportunity to become instructor/trainees. Generally, before a student can become an instructor/trainee, Cross has the student sign both a "Student-Instructor Agreement" and an "Instructor Trainees and Certified Instructors Agreement," each of which contains a covenant not to compete. The covenants prohibit instructors and trainees from opening competing schools within a 50-mile radius of Cross's schools for one year after the termination of the agreements. At trial the Pakrudas testified that they had never signed the two agreements. However, two witnesses testified that Joanne Pakruda admitted that she and her husband had signed the agreements but later took them from Cross's office and burned them.
In December 1993, Cross asked Michael Pakruda to manage the Madison club. Pakruda accepted; he used his position as manager, however, to get both the club's lease and its business license in his name. Pakruda also contacted Cross's billing service and requested that it cancel all of Cross's membership contracts from the Madison club. Further, Pakruda informed Cross's customers that their contracts had been canceled. On April 20, 1994, Michael Pakruda notified Cross that he now owned the Madison club and that Cross was forbidden from teaching at the club or inspecting the premises.
On appeal, the Pakrudas contend that the trial court erred in enforcing the noncompete agreements because, they say, the agreements are void under Ala. Code 1975, § 8-1-1(a). Cross maintains that the Pakrudas waived that defense because they did not raise the question of the validity of the covenants in their answer, and did not raise or argue it at trial.
The Pakrudas did raise the defense in their response to Cross's request for a temporary restraining order. However, the record shows that at the TRO hearing, the trial court determined that the Pakrudas did not sign the covenants not to compete, and so the issue of whether the covenants were enforceable was never reached at the TRO hearing. *Page 909 
The record also shows that neither the validity nor the enforceability of the covenants was raised as an affirmative defense in the Pakrudas' answer, which was filed after the TRO hearing, and it shows that those defenses were not raised or argued at trial. The Pakrudas' theory of defense at trial was that they never signed the agreements containing the covenants not to compete; however, after hearing the evidence at trial, the trial court determined the Pakrudas had signed the covenants. A review of the record shows that the issue of whether those covenants were valid and enforceable was not litigated at trial.
A defense that is not raised in the trial court cannot be raised for the first time on appeal. City of Orange Beach v.Perdido Pass Developers, Inc., 631 So.2d 850, 855 (Ala. 1993). The defendant cannot try the case on one theory and then appeal on a different theory. Kershaw v. Knox Kershaw, Inc.,523 So.2d 351 (Ala. 1988). The trial court did not determine the issue of whether the covenants not to compete were valid and enforceable, therefore, this issue is not properly before this court.
The Pakrudas next argue that the trial court erred in awarding Cross damages for breach of contract and for the tortious interference with contractual relations.
As to the award of damages for breach of contract, the Pakrudas contend that the covenants not to compete included in the instructors' agreements are void; therefore, they say, Cross cannot recover damages for breach of those covenants. Because there has been no finding or holding that the covenants not to compete are void, this argument is without merit.
The Pakrudas also argue that the award of damages is not proper because Cross failed to prove tortious interference with contractual relations. To prove tortious interference with a contract or business relation, the plaintiff must show: (1) that a contract or business relation exists; (2) that the defendant had knowledge of the contract or business relation; (3) that the defendant intentionally interfered with the contract or business relation; and (4) that the plaintiff was damaged by the defendant's actions. Joe Cooper Associates,Inc. v. Central Life Assurance Co., 614 So.2d 982, 986 (Ala. 1992); Gross v. Lowder Realty Better Homes Gardens,494 So.2d 590 (Ala. 1986). "In addition, the plaintiff must show some evidence of fraud, force, or coercion on the defendant's part."Joe Cooper Associates, Inc, 614 So.2d at 987. Justification for the interference is an affirmative defense to be pleaded and proved by the defendant. Id. at 987.
Cross has owned the Madison Taekwondo Plus Club in the Miller Shopping Center in Madison since 1989. Cross presented evidence of more than 40 membership contracts between the Madison club, which he owned, and its students. Cross assigned the membership contracts to United Trust Billing, which handled his billing. Clearly, Michael Pakruda knew of the contractual relationship between the club and the students, because as manager he filled out the agreements with the students. Pakruda even testified regarding which copy of the membership agreement went to the student, which to the club, and which to the billing company.
Evidence also was presented supporting a finding that the Pakrudas intentionally interfered with contract or business relations between Cross and the students. First, the evidence shows that the Pakrudas contacted Cross's billing service and requested that it discontinue service on membership contracts from the Madison club. The billing service wrote Michael Pakruda and told him that it could not take such action without violating Cross's billing service agreement. The letter added that the billing service would "continue to service the Madison club contracts as per commitment to Mr. Cross."
In a letter dated April 20, 1994, Michael Pakruda notified the students at the Madison club that the club was no longer affiliated with the United States Taekwondo Alliance. He also told the students that their contracts through the billing service had been canceled, and that payments should be made directly to the Madison Taekwondo Club.
Further, H.E. Miller, owner of the shopping center where the Madison club leased space, testified that prior to April 1, 1994, the Pakrudas negotiated a new lease in their *Page 910 
names. Miller said they told him that Cross had turned the Madison club over to them and that "they had been paying the rent all along anyway, so they wanted the lease in their name." Miller also testified that when he checked his records, he noticed that Cross had paid the rent through March 1994.
Cross provided evidence that the Pakrudas' actions caused him to lose more than $25,000 from the Madison club contracts, future contracts, and earnings from tournaments and other special events.
We hold that the evidence in this case is sufficient to support the trial court's finding that the Pakrudas tortiously interfered with the contractual and business relationship Cross had with his students and to support its award of $10,000 as damages.
The Pakrudas' final argument is that if the covenants not to compete are enforceable, then enforcement of them should have begun on April 20, 1994, and not October 1, 1994, as ordered by the trial court. This issue was not raised in the trial court; therefore, it cannot be raised as a new theory on appeal.See, Kershaw v. Knox Kershaw, Inc., 523 So.2d 351 (Ala. 1988) (and cases cited therein).
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, YATES, and CRAWLEY, JJ., concur.