Mark A. Hale, Terry A. Hale, Richard C. Stewart, Diane B. Stewart, Paul A. Fines, Jane Floyd, John W. Barton, and Andrea Barton (hereinafter, referred to as the "Hale group") appeal the trial court's denial of their motion "to intervene and to set aside" the March 29, 1993 judgment entered in Ray v. Osborn CoalEnterprises, Inc., No. CV-92-6583, Jefferson County Circuit Court.
The plaintiffs in Ray challenged the Town of Brookside's annexation of property owned by Osborn and the town council's adoption of a zoning ordinance that zones Osborn's property in a category that permits strip mining. The plaintiffs alleged, and the trial court ultimately found, that Brookside failed to comply with the notice requirements of § 11-52-77, Ala. Code 1975, in the publication of the proposed zoning ordinance. On Brookside's post-judgment motion, the trial court granted 30 days to cure the notice defect. Thereafter, Brookside published and adopted the zoning ordinance in accordance with § 11-52-77. However, within five days of the adoption of the ordinance, a new council and mayor were elected, and the council "reconsidered" the zoning ordinance and it failed to pass.
Brookside and Osborn subsequently entered into a settlement agreement, which provided that the zoning ordinance was properly adopted and that any action to rescind the ordinance was a nullity. The agreement also provided that "[i]n further consideration of the promises made by Osborn," Brookside agreed to annex additional parcels of Osborn's property and to rezone these properties for strip mining. In return for the annexation and rezoning of its property, Osborn agreed or promised, among other things, to abide by an ordinance adopting a 25 miles per hour speed limit during the time of day and on those roads regularly traveled by school buses; to a setback of 1,000 feet on Brookside Bivens Road and a setback of 1,200 feet on Brookside Coalburg Road; to pay $10,000 to Brookside for the construction of a walking track and for the repair of the Little League fields; and to pay Brookside $.15 per ton of coal mined within the city limits. On March 29, 1993, the trial court entered a judgment, adopting the settlement agreement.
On September 26, 1996, the Hale group filed a motion "to intervene and to set aside" the March 29, 1993, judgment, pursuant to Rule 60(b) Ala.R.Civ.P. The Hale group alleged that the settlement agreement was an illegal contract and that it constituted contract zoning; that the agreement was entered in violation of the Hale group's due process rights that the Hale group was a necessary party; and that the March 29, 1993, judgment was void. In support of their motion to intervene and to set aside the March 29, 1993, judgment, the Hale group submitted an affidavit from one of their members, which stated that he was never served with process in the Ray
case, that he had no knowledge of the Ray case while it was pending, and that his property is in close proximity to Osborn's property, which Brookside agreed to annex and rezone for strip mining. He also stated that strip mining operations on Osborn's property will adversely impact the value, use, and enjoyment of his property. Brookside filed a response and *Page 855 
an opposition to the motion. On November 19, 1996, the trial court entered an order, denying the Hale group's motion.
The Hale group appeals, contending that they are intervenors of right under Rule 24(a)(2), Ala.R.Civ.P.; that the March 29, 1993, judgment is void; that the judgment must be vacated because the judgment is premised on an illegal contract; and that the settlement agreement violates their due process rights. This case is before this court pursuant to § 12-2-7(6), Ala. Code 1975.
Rule 24 (a), Ala.R.Civ.P., provides as follows:
 "Upon timely application, anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."
The grant or denial of a motion to intervene is within the sound discretion of the trial court, and its judgment will not be reversed on appeal unless there is an abuse of discretion.Valley Forge Ins. Co. v. Alexander, 640 So.2d 925 (Ala. 1994).
In Valley Forge Ins. Co., our supreme court addressed the denial of a post-judgment motion to intervene similar to the one presented in this appeal. The court stated, "whether the insurers could be considered parties so as to qualify them to file their Rule 60(b)[, Ala.R.Civ.P.,] motion depends upon whether they would have had any relief available to warrant allowing them to intervene." 640 So.2d at 929. Therefore, we must address the validity of the settlement agreement to resolve whether the Hale group had a right to intervene.
The Hale Group specifically contends that the settlement agreement constitutes contract zoning and that, therefore, the agreement is illegal. Contract zoning is defined as follows:
 "`The principle involved may be simply stated. A municipality has no power to make any agreement or deal which will in any way control or embarrass its legislative powers and duties. Neither the police power of the state itself nor that delegated by it to a municipality is subject to limitation by private contract; nor is the exercise of such power to be alienated, surrendered or limited by any agreement or device. Zoning of property by a municipality being legislative in character cannot be bargained or sold. The rezoning of a parcel of property by a municipality based in any way upon an offer or agreement by an owner of property is inconsistent with, and disruptive of, a comprehensive zoning plan.'"
Haas v. City of Mobile, 289 Ala. 16, 19, 265 So.2d 564, 566
(1972) (quoting Ralph W. Crolly and C. McKim Norton, Zoning byContract. With Property Owner, 133 N.Y.L.J. 4 (1955)). See alsoCity of Orange Beach v. Perdido Pass Developers, Inc.,631 So.2d 850 (Ala. 1993). However, our supreme court has stated that "an annexation and zoning agreement is permissible if the city does not abdicate its legislative responsibility and the city is extensively involved in the development of the property." Cityof Orange Beach, 631 So.2d at 854 (citation omitted).
This case is factually distinguishable from City of OrangeBeach. Brookside entered into a single written document that served as a contract, agreeing that the annexation and rezoning of Osborn's property were proper, and agreeing to annex and rezone additional parcels of property owned by Osborn in return for, among other things, Osborn's agreement to pay $.15 per ton of coal mined in the town limits. Further, Brookside's involvement with Osborn's property, after striping operations begin, is merely to ensure Osborn's payment of $.15 per ton of coal mined within the town limits. We find the agreement to be plain and unambiguous in its expression. Accordingly, we conclude that Brookside's annexation and rezoning of certain parcels of Osborn's property and Brookside's agreement to annex and rezone additional parcels of Osborn's property constitute contact zoning and that the agreement is invalid. City of Orange Beach and Haas *Page 856 supra. Therefore, the settlement agreement and the March 29, 1993, judgment approving the agreement are due to be set aside pursuant to Rule 60(b)(6).
Consequently, we conclude that the Hale group, as contiguous or nearby landowners, would have an interest in the annexation and the rezoning of Osborn's property and that they had relief available to them to warrant allowing them to intervene.
Next we address whether the Hale group's motion to intervene was timely. Ordinarily, motions to intervene filed after a judgment have not been favored and have been disallowed because of untimeliness. Duncan v. First Nat'l Bank of Jasper,573 So.2d 270 (Ala. 1990). However, the record on appeal is devoid of any evidence that Brookside published the terms of the settlement before, or after entering into the agreement. It appears that the Hale group did not learn of the settlement agreement between Brookside and Osborn until sometime in 1996. Based on the record on appeal, we conclude that the Hale Group's motion to intervene was timely and that the trial court's denial of the Hale group's motion to intervene was an abuse of discretion.
The judgment of the trial court is reversed and this cause is remanded to the trial court for further proceedings.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala. Code 1975.
REVERSED AND REMANDED.
ROBERTSON, P.J. and YATES, MONROE, and CRAWLEY, JJ., concur.
THOMPSON, J. concurs in result only.